STANLEY, Respondent, v. PILKER, Appellant.

(167 N. W. 393.)

(File No. 4340.    Opinion filed May 1, 1918.    Rehearing denied June 1, 1918.)

1.  Specific Performance—Date for Part Payment, Modification of Contract—Finding—Sufficiency of Evidence—Want of Consideration for Change.

     Where, in a suit for specific performance of a contract of sale of realty, alternative relief in recovery back of purchase money paid being asked, trial court found that under the oral contract of a certain date vendor agreed to convey to plaintiff "on or before December 1," upon part payment being made, while the evidence was that vendee had "until" December 1 to make such payment; there being evidence that, prior to December 1, vendor consented to a modification of the contract so as to authorize such payment on that date, but that such modified agreement was without consideration, held, the evidence was insufficient to sustain such finding.

2.  Same—Date For Part Payment—"Until," Whether Right Expired Day Before—Thanksgiving Day, Effect, re Extension of Time—Statute.

     Where, in a suit for specific performance, the evidence showed that vendee had "until" December 11 to make a certain part payment, held, that, while vendee's right to make such payment expired on November 30, yet, it appearing that November 30 was Thanksgiving Day, a legal holiday under

Civ. Code, Sec. 2461, he was thereby granted another day in which to perform.

8.    Same—Date For Part Payment—Denial of Vendee's Right Thereafter, Finding On—Modified Contract Without Consideration—Default Under—Recovery Back—Useless Tender.

In a suit for specific performance, and for alternative relief in recovery back of a part payment made by vendee, the evidence showing the original contract permitting a specified second payment to be made up "until" December 1, was modified by subsequent agreement, without consideration, permitting such payment to be made "on or before" December 1, vendee having on that date tendered and made good such second payment, and trial court having found that vendor denied to vendee any rights whatsoever under the contract after November 30, instead of finding that vendor merely refused to carry out the contract as modified but had not refused to carry out the original contract, and vendor having based his refusal to accept the second payment on ground that vendee's rights were fortified, and not because contract did not permit of a payment of but the amount of said second payment, held, that vendor's theory released vendee from the useless act of making further tender, and he was entitled to recover back the first payment made.

Appeal from Circuit Court, Lyman County.    Hon. L. L. FLEEGER, Judge.

Action by J. E. Stanley, against Fred Pilker, for specific performance of a contract of sale of realty, and for alternative relief in recovery back of part purchase money.    From a money judgment for plaintiff, and from an order denying a new trial, defendant appeals.    Affirmed.

*Bartine, Bartine & Wall,* for Appellant.

*Brown & Brown,* for Respondent.

(1)    To point one of the opinion, Appellant cited: City of Garden v. Merchants & Farmers Nat. Bank, 60 Pac. 823, 824, 8 Kan. App. 785.

Respondent cited: 39 Cyc. pages 841, 842, notes 45, 46 and 47; Penn Placer Mining Co. et al v. Schreiner et al 35 Pac. 878.

(3)    To point three of the opinion, Appellant cited: Hanschka v. Vodlopech et al., S. D. 20, S. D. 551; Pfeffer v. Norman (N. D.) 133 N. W. 97.

WHITING, P. J.    Plaintiff sought specific performance of a

contract for the purchase of certain real estate and, as alternative relief, asked a money judgment to recover the money paid upon such contract. Trial to the court and the alternative relief was granted plaintiff. The court found that defendant was the owner of the land in question; that on September 5, 1916, in consideration of $500 to him paid by plaintiff, he entered into an oral contract with plaintiff whereby he agreed to convey said lands to plaintiff or to any purchaser procured by plaintiff on or before December 1, 1916; that the $500 was to be deemed a part payment of the purchase price; that a partial payment of $1,000 more was to be paid on or before December 1, 1916; that on December 1, 1916, plaintiff informed defendant that he elected to become the purchaser of the land; that he then offered to pay the defendant the $1,000 then due; that defendant refused to accept the $1,000, claiming that plaintiff's time to exercise his rights expired on November 30, 1916; that plaintiff thereafter, on December 1, 1916, deposited in a bank, to defendant's credit, the said $1,000 and defendant was, within a reasonable time, notified of such deposit; that plaintiff thereafter demanded of defendant that defendant execute a contract in writing providing for the conveyance of said land to plaintiff pursuant to the terms of the oral contract; that defendant has at all times since refused to execute any written contract or to recognize that plaintiff has any right whatever to a conveyance of said land and has at all times since December 1, 1916, claimed that plaintiff's rights under the oral contract were terminated and the $500 paid forfeited to defendant; and that the $1,000 deposited in the bank has been returned to plaintiff but defendant has retained the $500 and refuses to refund the same. From the judgment and an order denying a new trial this appeal was taken.

[1] Appellant does not question the sufficiency of the findings to support the judgment, but questions the sufficiency of the evidence to support some of the findings. He contends that the evidence was insufficient to support the finding that any such contract as found was entered into on September 5, 1916. In this contention we think appellant correct—the contract entered into in September was different from that found by the court. There was, however, evidence warranting the court in finding that, prior to December 1st, appellant had consented to a modification

of the original contract so that, as modified, it authorized the payment of $1,000 on December 1st. Appellant contends, and correctly, that there was no evidence to show that any consideration was received by him for such modification.

[2] Appellant contends that respondent's rights expired on November 30, 1916. It is clear that this was the main proposition upon which he based his defense. The evidence was to the effect that respondent had "until" December 1 to make the $1,000 payment. Appellant contends that, under the true meaning of the word "until," this gave respondent up to November 30th only in which to make such payment, and that, such payment not having been made prior to December 1 the $500 payment was forfeited. It so happens, however, that November 30th was Thanksgiving Day, a legal holiday, and, under the express provisions of our statute (section 2461, C. C.) respondent was granted another day in which to perform that which he would otherwise have been entitled to perform on November 30.

[3] The trial court found that appellant denied to respondent any rights whatsoever under the contract after November 30th. If the trial court had found that appellant merely refused to carry out the contract as modified, but had not refused to carry out the original contract, appellant might now be warranted in claiming that he was never in default—that the agreement to accept only $1,000 on or before December 1st, being without consideration, was not binding upon him. But appellant having based his refusal to accept the $1,000 on the ground that respondent's rights were forfeited, and not upon the ground that the terms of the contract did not permit of a payment of but $1,000, it released respondent from the useless act of making any further tender; and respondent was then entitled to recover the money which he had paid.

The judgment and order appealed from are affirmed.