[L. A. No. 4763.   Department One.—February 13, 1919.]

## HENRIETTA D. UPTON, Appellant, v. TRAVELERS INSURANCE COMPANY, Respondent.

ACCIDENT INSURANCE—EXPIRATION OF POLICY—TIME.—The insurer is not liable upon an accident insurance policy where the accident for which recovery is sought occurred on the day after the date on which the policy by its terms expired, although the expiration date was a legal holiday, as the accident does not come within the provisions of sections 10 and 11 of the Civil Code or the corresponding sections of the other codes.

ID.—OPTION TO RENEW POLICY—CONSTRUCTION OF.—The fact that an accident insurance policy contained an option to renew it and that the option continued in force by the terms of the policy until the

policy's expiration date, did not extend the policy so as to cover an accident occurring the day following its expiration, the option not having been exercised.

CONTRACTS—OPTION—NATURE OF.—An option is a mere offer, and unless it is accepted within the time limited, it is of no force for any purpose.

ACCIDENT INSURANCE — RENEWAL OF POLICY — RECEIPT OF PREMIUM AFTER EXPIRATION—WAIVER OF CONDITION.—While the receipt of the premium on an accident insurance policy by the company from its agent, after the time had expired, with knowledge of the fact that it had not been paid to the agent until after such expiration, would operate as a waiver, for the purpose of that renewal, of the condition that payment must be made in advance, it would not abrogate the condition as to future renewals.

ID.—COLLECTION OF PREMIUM—CUSTOM—WAIVER.—Where it was the custom of the insurer, under an accident insurance policy, to send renewal notices to its agent some time before the expiration of the current term, whereupon the agent would send a notice to the insured, and it was the agent's habit to call at the insured's residence to collect the renewal premium, which he had promised to continue to do, the premium being paid sometimes only in part and the renewal receipt delivered, the agent trusting the insured for the balance until a time beyond the current renewal term, under the circumstances no estoppel was created against the insurer to prevent it from refusing acceptance of a renewal premium offered after the time expired, nor was there a waiver of the condition as to payment in advance, the policy providing that the agent should have no power to waive any of its conditions.

APPEAL from a judgment of the Superior Court of Los Angeles County.    Curtis D. Wilbur, Judge.    Affirmed.

The facts are stated in the opinion of the court.

George P. Cary and Frank C. Dunham, for Appellant.

O'Melveny, Stevens & Millikin, and Walter K. Tuller, for Respondent.

SHAW, J.—The plaintiff appeals from the judgment.

The action was upon a contract to insure the plaintiff against accidents. The policy was issued on April 12, 1912, and bore that date. It contained the provision that, "this policy is issued for a term of six months, beginning at 12 o'clock noon, standard time, on the twelfth day of April, 1912,

and ending at the same hour, but it may be renewed, subject to all its provisions, from term to term thereafter by payment of the premium in advance." It was renewed from time to time, the last renewal taking place on April 12, 1914. The accident causing the injury for which plaintiff seeks recovery in this action occurred on October 13, 1914. This was one day after the policy had expired and consequently the defendant is not liable. The fact that October 12th was a legal holiday does not aid the plaintiff. The policy expired by its terms on the twelfth day of October at noon. The accident does not come within the provisions of sections 10 or 11 of the Civil Code or the corresponding provisions of the other codes. Section 10 declares that the time in which any act is provided by law to be done is computed by excluding the first day and including the last, unless the last day is a holiday and then it is also excluded. The accident, of course, was not an act provided to be done by any law, or by the policy. Therefore this section has no application. Section 11 provides that whenever any act of a secular nature is appointed by law or contract to be performed upon a particular day, which day falls upon a holiday, it may be performed upon the next business day with the same effect as if it had been performed upon the day appointed. The policy did not appoint the accident as an act to be performed at any time, or at all, consequently that act does not fall within this section.

The fact that the policy contained an option to the plaintiff to renew the policy, and that this option continued in force by the terms of the policy until October 12, 1914, does not extend the policy so as to cover an accident which happened on the following day. Section 11 does not purport to do more than to extend the time for exercising the option where it expires on a holiday. As a matter of fact, there was never any exercise of the option nor any attempt to exercise it. Consequently, such extension of the time for exercising it could have no effect whatever after the extension had expired, even if the accident did happen before that time. An option is a mere offer, and unless it is accepted within the time limited, it is of no force for any purpose. The mere existence of such unexercised option, extending beyond the period of insurance specified in the policy, cannot operate to extend the period of insurance so as to cover an accident which happens between the expiration of the insurance and the termination of the option.

The only thing extended by the statute is the time for exercising the option, not the time of insurance against the happening of an accident.

It is also claimed that by the conduct of its agent, V. W. Good, and by the acceptance of previous renewal premiums after the time had expired, the defendant company had waived the requirement that the premium for renewal on October 12, 1914, must be paid before the prior renewal time expired. The policy was issued to Samuel W. Upton and was made payable to his wife, the plaintiff. They resided in Pasadena. Mr. Good had his office in Pasadena. It was the custom of the company to send renewal notices for this policy to Good in Pasadena some time before the expiration of the current term, whereupon Good would send a notice thereof to Mr. Upton. It had been the habit of Good to call at the residence of Upton to collect the renewal premium, and he had promised Upton that he would continue to do so. Sometimes it would be paid only in part and he would deliver the renewal receipt of the company and personally trust Mr. Upton for the balance until a time beyond the current renewal term. He had done this at the renewal in April, 1914. This, it is insisted, constituted a waiver by the company of the condition for payment in advance and operated to continue the policy in force, notwithstanding its positive terms to the contrary.

It may be conceded that the receipt of the premium by the company from its agent, after the time had expired, with knowledge of the fact that it had not been paid to the agent until after such expiration, would operate as a waiver, for the purpose of that renewal, of the condition that payment must be made in advance. It is difficult to perceive any sound reason for holding that this would abrogate the condition as to future renewals. Here there was no proof that Good had any authority, except to collect the renewal premiums and deliver the renewal receipts prepared, signed, and sent to him by the proper officers of the company. No attempt was made to prove that the general or managing agents of the company were informed or knew that the premiums in question were not paid in advance or that Good had promised to call at Upton's residence for the payment. The policy declared that "No agent has power to waive any condition of this policy." Under these circumstances, no estoppel was created against the company to prevent it from refusing acceptance of a renewal

premium offered after the time expired, and there was no waiver of the condition as to payment in advance. Upton had no right to rely on Good's promise to call at his house to demand payment. It devolved on Upton to exercise his option if he desired to renew the policy. The company owed him no duty to request such exercise.

The court below properly directed the jury to return a verdict for the defendant.

The judgment is affirmed.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.

Shaw, J., Lawlor, J., Wilbur, J., Lennon, J., and Angellotti, C. J., concurred.