OLSON v. SASH.

1. CONTRACTS—OPTIONS—OFFER AND ACCEPTANCE.
   An option being a mere offer, compliance with its terms is minutely required.

2. SAME—OFFER AND ACCEPTANCE—TIME.
   Acceptance of an option must be agreeable to the terms proposed and to the exact thing offered, and the acceptance must be within the time specified or the right will be lost.

3. SPECIFIC PERFORMANCE — CONTRACTS — OPTION — ACCEPTANCE — TIME.
   In a suit for the specific performance of an option for the purchase of land, evidence that plaintiff waited until the afternoon of the last day, which was Saturday, before going to defendants' home to tender payment, when he found no one at home, that he left a note saying he would be back on Monday to take up the option, that on Monday defendants refused to go on with the deal because the option had expired, *held*, to justify a decree

On time of exercising option reserved in contract of sale to return or resell property, see note in 50 L. R. A. (N. S.) 594.

On rights conferred by a "refusal" or "option" see note in 21 L. R. A. 129.

dismissing the bill, since it does not appear that defendants were designedly absent to avoid tender and acceptance, or that they were absent from the State, time being of the essence of the contract.

4. SAME—EXTENSION OF TIME.

Plaintiff gained nothing by the note he left saying he would be back on Monday, since defendants did not assent to the request for an extension of time for acceptance.

Appeal from Wayne; Webster (Clyde I.), J. Submitted January 3, 1922. (Docket No. 1.) Decided March 30, 1922.

Bill by Dan Olson against Herman Sash and another for specific performance of an optional land contract. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Moore & Moore*, for plaintiff.

*Charles H. Marr (E. H. Rogers,* of counsel), for defendants.

CLARK, J. On July 20, 1920, for a consideration of $60, defendants gave, in writing, to plaintiff an option to purchase their farm within four months from that date. As to payment it provided: "two thousand dollars when this option is exercised, the balance," etc. Plaintiff neither made nor attempted an acceptance of this option until the afternoon of the last day, Saturday, November 20th, when he, with others, drove to defendants' farm to tender and pay to defendants the $2,000. Defendant Sash was not found, although he testified that he was about the barn and house all the afternoon. Mrs. Sash and the others of the family had driven to a neighboring village to trade. Plaintiff knocked upon the door of the house, searched, waited for some time, put a note in the door, which read:

"November 20, 1920.
"Mr. and Mrs. Herman Sash:

"I called at your farm today with money to carry out the terms of option signed by you for sale of 40 acres less railroad right-of-way.   Unless I can see you today will call to take up option Monday, November 22, 1920.

"DAN OLSON."

And before returning home, in search of Sash, he stopped in two villages and inquired of Sash's attorney.   Plaintiff returned the following Monday, tendered the $2,000 and was refused, Sash stating, which was, the fact, that soon after giving plaintiff the option he had given to a third party another option to take effect immediately upon the expiration of plaintiff's option in case the same was not exercised.   Plaintiff's bill for specific performance was dismissed and he has appealed.

An option is a mere offer.   *Upton* v. *Insurance Co.*, 179 Cal. 727 (178 Pac. 851, 2 A. L. R. 1597).   Compliance with its terms is minutely required.   4 R. C. L. p. 315; *Hanscom* v. *Blanchard*, 117 Me. 501 (105 Atl. 291, 3 A. L. R. 549).   The acceptance must be agreeable to the terms proposed and to the exact thing offered.   *Lee* v. *Hedenskoog*, 200 Mich. 427; *Gannon* v. *Stansfield*, 216 Mich. 440 (3 L. R. A. 94); *Archdekin* v. *McDonald*, 1 Dom. L. R. 664.   The acceptance must be within the time specified or the right will be lost.   21 L. R. A. 129; 50 L. R. A. (N. S.) 594.

Had there been proof that defendants were designedly absent to avoid tender and acceptance (*Gilmore* v. *Holt*, 4 Pick. [Mass.] 257; *Foternick* v. *Watson*, 184 Mass. 187 [68 N. E. 215]; *Southworth* v. *Smith*, 7 Cush. [Mass.] 391); or that they were absent from the State (*Tasker* v. *Bartlett*, 5 Cush. [Mass.] 359; *Gill* v. *Bradley*, 21 Minn. 15; *Lehman, Durr & Co.* v. *Collins*, 69 Ala. 127); or if this were a contract or

obligation of which time was not of the essence, a different situation might be presented.

Plaintiff gains nothing by the note left at the door, for defendants did not assent to the request for an extension of time for acceptance. We find no bad faith or misconduct on the part of defendants, no design to prevent acceptance, and nothing to entitle plaintiff to the relief prayed.

The decree is affirmed.

FELLOWS, C. J., and WIEST, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.