## DAVIS, Adm'r, v. MUTUAL BENEFIT HEALTH & ACCIDENT ASS'N.

No. 22877.   June 26, 1934.

O. A. Cargill and W. R. Graalman, for plaintiff in error.

Keaton, Wells, Johnston & Barnes, G. J. Cleary, and Phillip E. Horan, for defendant in error.

McNEILL, J.   This is an action upon an insurance policy to recover for the accidental death of the insured.

The policy insured against accident and loss of life, and provided for the payment in advance of $20 as first payment; and the payment in advance of premiums of $14 quarterly, or $56 annually thereafter, beginning with March, 1, 1930, to keep the policy in continuous effect.   The policy also provided:

"If any such dues be unpaid at the office of the association in Omaha, Neb., this policy shall terminate on the day such payment is due. * * *

"The acceptance of any premium on this policy shall be optional with the association, and should the premium provided for herein be insufficient to meet the requirements of the association, it may call for the difference as required.

"(d)   The term of this policy begins at 12 o'clock noon, Standard time, on date of delivery to and acceptance by the insured against accident and on the thirty-first day

thereafter against disease and ends at 12 o'clock noon on date any renewal is due."

The facts are short and are not in dispute. The premiums were paid on said policy up to and including noon of June 1, 1930. June 1, 1930, fell on Sunday. On the afternoon of June 1, 1930, the insured sustained an accidental personal injury which resulted in his death at about 8 p. m. of said day.

The question for determination reduces itself to a single controversy as to whether the policy remains in full force and effect until Monday, June 2, 1930. The trial court held against a recovery under the policy.

It is contended by plaintiff in error, plaintiff below, inasmuch as the last day of payment of the premium upon the policy fell on Sunday, a nonbusiness day, that the policy covered the accident in question by reason of the fact that the succeeding Monday should be considered the last day for payment of said premium, and he seeks support in section 3552, C. O. S. 1921, to wit:

"Whenever any act of a secular nature, other than a work of necessity, or mercy, is appointed by law or contract to be performed upon a particular day, which day falls upon a holiday, such act may be performed upon the next business day, with the same effect as if it had been performed upon the day appointed."

See, also, section 884, C. O. S. 1921.

It is the theory of counsel for the insured that under said section of the statute the premium coming due on Sunday could be paid on the following Monday, and that the policy of insurance could not be forfeited or terminated on Sunday.

Counsel for the defendant in error insurance company contend that said section of the statute has no application to the case at bar for the reason that the injury and death of the insured was not an act required to be performed either by law or contract, and submit that the case of Upton v. Travelers Insurance Co., 179 Cal. 727, 178 P. 851, is the only case previously decided in the United States which is squarely in point, and that the decision in that case should be followed.

We have examined the cases cited in the briefs, and conclude that the Upton Case properly applies the law to the facts in the instant case. In that case the court said:

"The accident causing the injury for which plaintiff seeks recovery in this action occurred on October 13, 1914. This was one day after the policy had expired, and consequently the defendant is not liable. The fact that October 12th was a legal holiday does not aid the plaintiff. The policy expired by its terms on the 12th day of October at noon. The accident does not come within the provisions of sections 10 or 11 of the Civil Code or the corresponding provisions of the other Codes. Section 10 declares that the time in which any act is provided by law to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then it is also excluded. The accident, of course, was not an act provided to be done by any law, or by the policy. Therefore this section has no application. Section 11 provides that whenever any act of a secular nature is appointed by law or contract to be performed upon a particular day, which day falls upon a holiday, it may be performed upon the next business day with the same effect as if it had been performed upon the day appointed. The policy did not appoint the accident as an act to be performed at any time, or at all; consequently, that act does not fall within this section.

"The fact that the policy contained an option to the plaintiff to renew the policy, and that this option continued in force by the terms of the policy until October 12, 1914, does not extend the policy so as to cover an accident which happened on the following day. Section 11 does not purport to do more than to extend the time for exercising the option where it expires on a holiday. As a matter of fact, there was never any exercise of the option or any attempt to exercise it. Consequently, such extension of the time for exercising it could have no effect whatever after the extension had expired, even if the accident did happen before that time. An option is a mere offer, and, unless it is accepted within the time limited, it is of no force for any purpose. The mere existence of such unexercised option, extending beyond the period of insurance specified in the policy, cannot operate to extend the period of insurance so as to cover an accident which happens between the expiration of the insurance and the termination of the option. The only thing extended by the statute is the time for exercising the option, not the time of insurance against the happening of an accident."

Premiums falling due on Sunday upon a regular life insurance policy are not applicable to the case at bar, nor do the rules relating to procedural statutes wherein the last day requiring some act to be done falls upon Sunday, or a holiday, have any application herein. In the instant case the insurance company specifically reserved the right of option to be exercised by it in the acceptance of any premium upon the policy. Under the ordinary life insurance company policy, the company does not have the right to reject timely payments of premiums; but the very

516

opposite is the case in benefit, health and accident policies. Even though the right to exercise the option was extended under section 3552, supra, yet the insurance company never exercised this right, which had expired by the terms of the policy at noon, June 1, 1930, but, on the contrary, elected not to extend the same. The extension of an option under a benefit, health, and accident policy and the extension of coverage of insurance under such a policy are not synonymous or convertible terms.

RILEY, C. J., and SWINDALL, BAYLESS, and WELCH, JJ., concur.