SHANKLE *v.* HOME INS. CO. OF NEW YORK.

(*Knoxville*, September Term, 1939.)

Opinion filed November 25, 1939.

GUINN, MITCHELL & ERWIN, of Johnson City, for plaintiff in error.

POORE, KRAMER & Cox, of Knoxville, and J. FRANK SEILER, of Elizabethton, for defendant in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

This case was tried before the circuit judge on a written stipulation of facts. Defendant issued to plaintiff a policy of insurance, covering plaintiff's automobile, among other things, against damage by collision or upset in excess of $50. On page one of the policy the following appears: "Term of Insurance—Annual—From 12/5/36 to 12/5/37 Noon, Standard Time at place of issue."

December 5, 1937, was on Sunday. About 7:30 P. M. on that date the automobile described in the policy ran into a rock cliff and was practically destroyed.

Plaintiff sued on the policy to recover the damages suffered. Defendant filed a special plea setting up that at the time of the accident the policy had by its terms and conditions expired, and was no longer in force and effect.

The trial judge rendered judgment in favor of defendant. Plaintiff has appealed to this court and assigned errors.

The one question presented for determination is whether plaintiff's automobile was covered by the policy at the time of the accident.

Plaintiff relies on sections 11 and 7518 of the Code. The sections are as follows:

"11. The time within which any act provided by law

is to be done, shall be computed by excluding the first day and including the last, unless the last day is Sunday, and then it also shall be excluded.''

''7518. Where the day, or the last day, for doing any act herein required or permitted to be done falls on Sunday or on a holiday, the act may be done on the next succeeding secular or business day.''

██ The two above sections have application to ''acts provided by law to be done,'' and to acts ''herein required or permitted to be done,'' and have no reference to acts required to be done by private contract where the time for performance is stipulated. In *Allen* v. *Effler,* 144 Tenn., 685, 695, 235 S. W., 67, 70, the court said:

''It is true that the section of the Code of Tennessee above referred to—section 48 (Shannon's, section 60 [section 11, Code 1932])—relates only to acts provided by law to be done; but it is in accord with sound principles to say that a rule prescribed by statute for computing time within which an act required by law to be done is a safe and sound rule to be observed in the interpretation of contracts, *where no different meaning is given by the instrument to be construed, or where no different intention is manifest from the contract.''* (Italics ours.)

██ In the instant case, the policy sued on expressly stipulates that the term of insurance was from noon, December 5, 1936, to noon, December 5, 1937, Standard time. The court is, of course, without power or right to change or vary the contract made by the parties. Under its terms, the policy of insurance expired by its own limitation at noon, December 5, 1937. There is no room for construction, the time of expiration of the contract being plain and unambiguous. The fact that the policy terminated at noon on a Sunday is immaterial. The term

of the policy was for one year with a fixed time of expiration. Recurring annual premiums were not provided for; hence there was no forfeiture for non-payment of premiums. The policy contemplated that it might be extended for an additional time but such extension necessarily would have been on the application of the insured, granted by the company. No application for extension was made by plaintiff, so far as the stipulation shows.

In *Davis, Adm'r,* v. *Mutual Benefit Health & Accident Association,* 168 Okla., 514, 34 P. (2d), 579, it was held that an accident insurance policy which by its terms expired at noon on Sunday, did not cover an accident occurring Sunday afternoon. In *Matthews* v. *Continental Casualty Co.,* 78 Ark., 81, 93 S. W., 55, it was held that an accident policy providing for expiration at noon on a certain date was not in force in the afternoon of such date. *Purvis* v. *Commercial Casualty, Co.,* 160 S. C., 484, 159 S. E., 369, holds to like effect. See, also, Couch, Cyc. of Insurance Law, section 1346.

It is urged that the law knows no part of a day. This principle has no application to a contract fixing a definite hour for its expiration.

Our conclusion is that the judgment of the trial court is without error and must be affirmed. Plaintiff will pay the costs of this appeal.