2001 SD 8

**Sidney Joe COBLE and Barbara Coble, Plaintiffs and Appellees,**

v.

**Chad W. HANSON, Defendant and Appellee,**

and

**Infinity Insurance Company, Garnishee and Appellant.**

**No. 21473.**

Supreme Court of South Dakota.

Considered on Briefs on Nov. 27, 2000.

Decided Jan. 10, 2001.

Acie W. Matthews of Pruitt, Matthews and Jorgensen, Sioux Falls, for plaintiffs and appellees Coble.

Melissa C. Hinton of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for appellant.

SABERS, Justice.

[¶ 1.] The issue is whether SDCL 1–5–4 provides an additional day to make payment on an insurance policy, thereby extending coverage, when the policy provides it is to expire on a Sunday, a legal holiday. The trial court held in the affirmative and we agree.

## FACTS

[¶ 2.] Infinity Insurance Company (Infinity) issued a policy of automobile liability insurance to Chad and Carrie Hanson (Hanson) of Winner, South Dakota. The policy covered the period of May 2, 1997 to November 2, 1997. The policy was to expire at 4:02 pm on November 2, 1997. The policy did not provide a grace period.

[¶ 3.] On November 3, 1997, Chad Hanson was involved in ,an automobile accident with Sidney Joe Coble. Sometime after the accident on November 3, 1997, Carrie Hanson had the premium hand delivered to Infinity's insurance agent in Sioux Falls, South Dakota .[1] Infinity was later advised of the loss. The insurance policy was reinstated but with an effective date of November 4, 1997. Infinity denied coverage

after further investigation revealed the policy expired before the time of accident.

[¶ 4.] Coble instituted a suit against Hanson. Hanson signed a confession of judgment in favor of Coble. On May 3, 1999 a judgment was filed in Tripp County for $10,140.09. Following the entry of this judgment, Coble commenced garnishment proceedings against Infinity alleging liability for the judgment. Coble filed a motion for summary judgment and Infinity brought a cross motion denying liability. The trial court granted Coble summary judgment determining that Infinity was liable based on SDCL 1–5–4. Infinity appeals.

## STANDARD OF REVIEW

[¶ 5.] Our standard of review for summary judgment is well established and briefly is "whether a genuine issue of material fact exists and whether the law was correctly applied." *Manuel v. Wilka*, 2000 SD 61, ¶ 17, 610 N.W.2d 458, 462. The issue on appeal involves a question of statutory interpretation. "Statutory interpretation is a question of law, which we review de novo." *In re Estate of Klauzer*, 2000 SD 7, ¶ 22, 604 N.W.2d 474, 479.

[¶ 6.] **WHETHER THE TRIAL COURT ERRED IN APPLYING SDCL 1–5–4 TO PERMIT THE RENEWAL OF THE INSURANCE CONTRACT.**

[¶ 7.] The trial court determined that SDCL 1–5–4 applied to these facts to permit the renewal of the policy despite the stated expiration of the policy term. SDCL 1–5–4 provides:

Whenever any act of a secular nature, other than a work of necessity or mercy, is appointed by law or contract to be performed upon a particular day, which day falls upon a holiday, such act may be

---

1. Hanson testified on deposition that she actually wrote the check on Saturday, November 1, 1997. However, "things got hectic" and she didn't make it to the mailbox. The accident with Coble occurred the morning of Monday, November 3, 1997. On Monday, November 3, 1997, Hanson's employer hand delivered a check to Infinity's agent in Sioux Falls early that afternoon.

performed upon the next business day, with the same effect as if it had been performed upon the day appointed.

This statute applies to these facts.

[¶ 8.] SDCL 1–5–4 applies when "any act . . . is appointed by law or contract to be performed upon a particular day." Hanson's insurance policy was to expire on Sunday, November 2, 1997 at 4:02 pm. Hanson received an offer of renewal dated October 10, 1997 to extend the insurance coverage from November 2, 1997. The option to renew provided that it had to be exercised by November 2, 1997 at 4:02 pm. The option to renew was *appointed* by the contract to occur on a Sunday,[2] and therefore could be exercised until November 3, 1997 by 4:02 pm.

[¶ 9.] In *Stanley v. Pilker*, 40 S.D. 403, 167 N.W. 393 (1918), we held that a party given "until" a certain date to make payment on a land sale contract would be granted another day when the final day to perform was a legal holiday. *Stanley*, 167 N.W. at 394. The *Stanley* court made this determination based on R.Civ.C. 1903, § 2461, the predecessor to SDCL 1–5–4. When another day for performance is allowed under SDCL 1–5–4, the act has "the same effect as if it had been performed upon the day appointed." SDCL 1–5–4. Similarly, the terms of the renewal offer here provided Hanson a date of November 2, 1997 to renew the insurance contract. Because November 2, 1997 was a Sunday, a legal holiday by statute, the offer of renewal could be exercised a day later.

▇▇▇▇ [¶ 10.] The existence of such an option does not automatically operate to extend coverage. "The fact that the policy contained an option for [Hanson] to renew the policy, and that this option continued in force by the terms of the policy [ ] does

---

2. SDCL 1–5–1 defines every Sunday as a holiday.

3. This secondary authority is also contradicted by 43 AmJur2d *Insurance* § 845 (1989). "[I]t is generally held, sometimes by virtue of applicable statutes, that where an insurance policy calls for the payment of a premium by

---

not extend the policy so as to cover an accident which happened on the following day." *Davis v. Mutual Ben. Health & Accident Ass'n*, 168 Okla. 514, 34 P.2d 579, 580 (1934). However, while coverage is not extended another day merely because the policy expires on a holiday, the right to exercise the option to renew does. *Id.* at 580. If the insured exercises the option within the time allowed by the statute, the coverage extends from the holiday as if the option had been exercised on that day. *Id.* This does not mean that insurance policies that expire on a legal holiday are automatically extended for additional time, nor does an option not exercised on the next available day, or not exercised at all, extend the coverage. The only thing extended by SDCL 1–5–4 is the ability of an insured to renew a policy when the last day to renew was a holiday.

[¶ 11.] Infinity asserts that these facts are controlled by the rule in 43 American Jurisprudence (Second) *Insurance* § 240:

Even though a policy of insurance expires on a legal holiday, the risk is thereby terminated. Thus, an accident insurance policy does not cover an accident occurring on the day after the date of its expiration as fixed by its term, even though such date was a holiday, and *notwithstanding a statute relating to acts appointed by contract to be performed or provided by law to be done on a day which falls on a holiday.*[3]

43 AmJur2d *Insurance* § 240 (1989). However, a review of the case cited as authority for this proposition indicates otherwise.

[¶ 12.] In *Upton v. Travelers, Ins. Co.*, the California Supreme Court held that an option to renew does not extend the policy. *Upton v. Travelers, Ins. Co.*, 179 Cal. 727,

---

a designated date, whether such a day is a due date, the end of a period of grace, or some special date arranged between the parties, and such date falls on a Sunday or legal holiday, payment made or tendered on the next succeeding business day is sufficient."

178 P. 851, 852 (1919). "The only thing extended by the statute is the *time for exercising the option." Id.* Yet in *Upton,* unlike this case, the insured failed to exercise that option the day following the legal holiday, and coverage was denied. As these facts are clearly distinguishable, and the underlying authority fails to support Infinity's position, we find its argument unpersuasive. Instead, we are persuaded by our precedent and the other authorities that recognize Hanson "was granted another day in which he would otherwise have been entitled to perform." *Stanley,* 167 N.W. at 394.

[¶ 13.] "An option is a mere offer, and, unless it is accepted within the time limited, it is of no force for any purpose." *Davis,* 34 P.2d at 580. An unexercised offer floating in the background does not operate to extend coverage. However, when that option is exercised within the time frame provided by SDCL 1–5–4, it effectively operates to extend coverage "with the same effect as if it had been performed upon the day appointed." SDCL 1–5–4. Hanson's renewal is thereby effective as of November 2, 1997 and provided coverage when the accident occurred on November 3, 1997.

[¶ 14.] Therefore, we affirm.

[¶ 15.] MILLER, Chief Justice, and AMUNDSON, KONENKAMP, and GILBERTSON, Justices, concur.