2001 SD 140

**In the Matter of the ESTATE OF Allen R. FOSS, Deceased.**

No. 21863.

Supreme Court of South Dakota.

Considered on Briefs Aug. 28, 2001.

Decided Nov. 21, 2001.

Rehearing Denied Jan. 9, 2002.

William E. Coester, Milbank, SD, Attorney for appellant.

George B. Boos of Boos & Grajczyk, LLP, Milbank, SD, Attorneys for appellee.

AMUNDSON, Justice.

[¶ 1.] The trial court denied Linda Vnuck's (Linda) claim against Allen Foss's estate (Allen) for child support. Linda appeals. We affirm.

## FACTS

[¶ 2.] Allen (deceased), and Linda were divorced on May 3, 1976, pursuant to a

Judgment and Decree of Dissolution made and entered in the Ninth Judicial District Court of Minnesota in Beltrami County, Minnesota. According to the Minnesota decree, Allen was to pay a monthly sum of $210.00 in child support for the couple's three minor children (Richard, born July 2, 1968 and Katherine and Kenneth, both born January 14, 1970). Allen only paid a portion of the child support. Somewhere between the years of 1980 and 1981, Allen left Minnesota and moved to South Dakota. He later remarried and continued to reside in South Dakota until his death. On June 30, 2000, Allen died without having paid Linda the child support arrearages he owed her. The record does not disclose that any action in any South Dakota or Minnesota court had been commenced by Linda to collect the past-due child support prior to Allen's death.

[¶ 3.] Now, thirteen years after Allen's final child support payment was due, Linda commenced this action against Allen's estate.[1] The trial court held that the ten-year statute of limitation provided in SDCL 15–2–8(1) barred the claim.

[¶ 4.] Linda appeals raising the following issue:

Whether the trial court erred in denying Linda's claim for child support arrearages by applying the ten-year statute of limitation of SDCL 15–2–8 rather than the twenty-year statute of limitation of SDCL 15–2–6.

**STANDARD OF REVIEW**

[¶ 5.] This case involves a question of statutory interpretation. "Statutory interpretation is a question of law, which we review de novo." *See Coble v. Hanson*, 2001 SD 8, ¶ 5, 620 N.W.2d 772,

773 (citation omitted). Under the de novo standard of review, this Court gives "no deference" to the circuit court. *In re Sales & Use Tax Refund Request of Media One, Inc.*, 1997 SD 17, ¶ 11, 559 N.W.2d 875, 878 (citation omitted).

**DECISION**

[¶ 6.] The trial court held the applicable statute of limitation is ten years as provided in SDCL 15–2–8 because the statutory scheme of 25–7–7.4 simply provides a proper procedure for enforcing orders from other states. The trial court stated "the only judgment to act upon here is the judgment and decree of divorce issued in Minnesota in 1976 ... [T]here being no South Dakota judgment, the ten year foreign statute of limitations would apply."

[¶ 7.] Linda argues that the trial court should have applied SDCL 15–2–6 to her claim for past-due child support, which would have given her a twenty year statute of limitation in which to enforce her judgment against Allen. SDCL 15–2–6 provides, in pertinent part:

Except where, in special cases, a different limitation is prescribed by statute, the following civil action ... can be commenced only within **twenty years** after the cause of action shall have accrued: (1) An action upon a judgment or decree of any court **of this state.**

[¶ 8.] Linda believes that the twenty-year statute of limitation is applicable because of the language of SDCL 25–7–7.4, which provides:

Any payment or installment of support under an order for support, as defined by § 25–7A–1, whether entered by a

---

1. Linda claimed that the estate owed her $26,620, plus interest and costs. She calculated this amount by multiplying the number of months Allen failed to pay child support times the amount owed for each of the children, then subtracting any support for their son, Richard, during the months that he lived with Allen.

court or an administrative entity of this state or of any other state or jurisdiction, which is unpaid after the date it is due, is a judgment by operation of law, with the full force, effect and attributes of a judgment of this state, including enforceability, and is entitled, as a judgment, to full faith and credit in this state.

[¶ 9.] She argues that the words "judgment as a matter of law," make the Minnesota decree equivalent, in all respects, to a judgment granted by a South Dakota court without having been filed in this state. She argues that child support installments due by anyone residing in South Dakota to a non-resident of the state should be treated as a South Dakota judgment, falling under the ambit of SDCL 15-2-6 and the twenty-year statute of limitation.

[¶ 10.] In this case, the record does not contain any evidence that Linda filed a Minnesota judgment with a South Dakota court or that Linda attempted to enforce the past due support in either South Dakota or Minnesota. Linda merely filed a Statement of Claim against Allen's estate after his death based on the Judgment and Decree of Dissolution issued by the Minnesota Court in 1976.[2] Thus, there is no "action upon a judgment or decree of any court *of this state*" as required for the implementation of the twenty-year statute of limitations. *See* SDCL 15-2-6 (emphasis supplied).

[¶ 11.] Although Linda is correct in stating that an order for support from Minnesota becomes a judgment as a matter of law, it does not automatically become a judgment or decree of this state. The fact remains that a Minnesota court issued the order stating Allen should pay child support, not a South Dakota court. Our laws provide ample methods for registering foreign child support judgments of this very nature. This State's Uniform Interstate Family Support Act outlines the procedure for registering an out-of-state child support judgment in South Dakota. South Dakota Codified Law 25-9B-602, entitled "Procedure to register order for enforcement," provides the following:

(a) A support order of another state may be registered in this state by sending the following documents and information to the appropriate tribunal in this state: (1) A letter of transmittal to the tribunal requesting registration and enforcement; (2) Two copies, including one certified copy, of all orders to be registered, including any modification of an order; (3) A sworn statement by the party seeking registration or a certified statement by the custodian of the records showing the amount of any arrearages; (4) The name of the obligor and, if known: (i) The obligor's address and social security number; (ii) The name and address of the obligor's employer and any other source of income of the

---

2. We also find it important to note that our sister state of Minnesota has a statute requiring that full faith and credit be given to child support judgments of other states. *See* Minn Stat § 548.091 Subd 1a (stating that a child support judgment issued by a Minnesota court or in any other state "is a judgment by operation of law on and after the date it is due [and] is entitled to full faith and credit in this state and any other") (amended by 2001 Minn Sess Law Serv 1st Sp Sess Ch 9(SF4) (West)). In conjunction with recognizing full faith and credit, however, it has extensive explanations within the statute on how to properly docket a child support judgment once it is obtained. *See id.* Subd. 2a (stating that after child support becomes a judgment by operation of law, the obligee or other proper authorities must file documentation identifying that the judgment exists, along with affidavits containing information on the obligor and an affidavit of service of notice of intent to docket the judgment). Thus, it appears that Linda failed to properly docket her child support judgment in Minnesota, the state that entered the original order.

obligor; and (iii) A description and the location of property of the obligor in this state not exempt from execution; and (5) The name and address of the obligee and, if applicable, the agency or person to whom support payments are to be remitted. (b) On receipt of a request for registration, the registering tribunal shall cause the order to be filed as a foreign judgment, together with one copy of the documents and information, regardless of their form. (c) A petition or comparable pleading seeking a remedy that must be affirmatively sought under other laws of this state may be filed at the same time as the request for registration or later. The pleading must specify the grounds for the remedy sought.

[¶ 12.] We have previously acknowledged that "another state's support order *registered* in South Dakota may be treated the same as an order originating here." *See, e.g., Taecker v. Taecker,* 527 N.W.2d 295, 299 (S.D.1995) (citing SDCL Ch 25–9B, Uniform Interstate Family Support Act; SDCL Ch. 15–16A, Enforcement of Foreign Judgments) (emphasis added).[3] Linda could have used these procedures

for registering her foreign child support order, entitling her to have the judgment treated as a judgment by operation of law as if it had originated in this state. *See* SDCL 25–7–7.4. Linda, however, failed to utilize the proper procedures so that the Minnesota support order could be treated as originating in South Dakota. Therefore, the trial court did not err in its selection of the applicable statute of limitations.

[¶ 13.] We affirm.

[¶ 14.] SABERS, Acting Chief Justice, and KONENKAMP, and GILBERTSON, Justices, concur.

[¶ 15.] MILLER, Retired Chief Justice, was a member of the Court at the time this action was submitted, but was disqualified and did not participate.

---

3. The Uniform Enforcement of Foreign Judgments Act also provides an effective means for enforcing foreign judgments, while at the same time providing adequate notice to the courts and debtors. *See* SDCL 15–16A–1–15–16A–10. Under the Act, SDCL 15–16A–2 states:

A copy of any foreign judgment authenticated in accordance with the act of Congress or the statutes of this state may be filed in the office of the clerk of any circuit court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of a circuit court of this state and may be enforced or satisfied in like manner.

In addition to filing with the clerk of courts, the Act provides that debtors shall be given notice of the existing foreign judgment pursuant to SDCL 15–16A–5, which provides in part:

Promptly upon the filing of the foreign judgment and the affidavit, the clerk shall mail notice of the filing of the foreign judgment to the judgment debtor at the address given and shall make a note of the mailing in the docket.

Based on the filing and notice requirements of this Act, the legislature has made it abundantly clear that foreign judgments must become part of this state's court system before the judgment can be properly enforced.