#26436-a-JKK

**2013 S.D. 34**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

ALPHA PROPERTY AND CASUALTY
INSURANCE COMPANY,                         Plaintiff and Appellee,

    v.

KERI IHLE, AS GUARDIAN AD LITEM
OF A.B., A MINOR; MARIA GAKIN
AS GUARDIAN AD LITEM OF M.G.,
A MINOR; and SEBASTIAN BOERKE;        Defendants and Appellants,

    and

TAMARA BRADFORD,                       Defendant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA
* * * *
THE HONORABLE MARY THORSTENSON
Retired Judge
* * * *

JEFFREY R. CONNOLLY
QUENTIN L. RIGGINS of
Gunderson, Palmer, Nelson
  & Ashmore, LLP
Rapid City, South Dakota           Attorneys for plaintiff
                              and appellee.

ROBIN L. ZEPHIER of
Abourezk & Zephier, PCO
Rapid City, South Dakota           Attorneys for defendants
                              and appellants.

* * * *

CONSIDERED ON BRIEFS
ON FEBRUARY 12, 2013

OPINION FILED **04/17/13**

#26436

KONENKAMP, Justice

[¶1.] After an intoxicated driver struck and injured several children, the driver's insurer brought a declaratory action seeking a ruling that it had no duty to defend or indemnify the driver. In granting summary judgment for the insurer, the circuit court held that coverage had expired twelve hours before the accident. We affirm.

## Background

[¶2.] At noon on September 23, 2007, Tamara Bradford, while intoxicated, ran into and seriously injured four children. The children had been riding their bikes or standing alongside the road. Bradford later pleaded guilty to two counts of vehicular battery. Her insurer, Alpha Property and Casualty Insurance Company, contested a duty to defend her in any negligence suit brought on the children's behalf.

[¶3.] Six months before the accident, Bradford applied for an automobile insurance policy with a stated effective date of March 23, 2007 at 12:01 a.m. and an expiration date of September 23, 2007 at 12:01 a.m. The total premium for the six-month policy was $907, with a down payment of $157.47, and the remainder to be paid in monthly installments. She remitted her initial payment and coverage began at 11:49 a.m. on March 23, 2007.

[¶4.] Alpha issued Bradford an insurance policy on March 25, 2007, effective March 23, 2007, to continue "until cancelled or terminated in accordance with the financial responsibility laws and regulations of this State." The policy indicated that it "applies only to accidents and losses during the policy period shown in the

-1-

#26436

Declarations . . . ." The Declarations provided a "Policy Period From 3/23/2007 to 09/23/2007 12:01 a.m." The policy further stated that a "failure to pay the required continuation of renewal premium as we require means that you have declined our offer" to renew.

[¶5.]     On June 25, 2007, Alpha sent Bradford a notice of cancellation informing her that her June payment was past due. She was directed to postmark or deliver a payment by July 16, 2007, for insurance coverage to continue. Bradford made the required payment. Then, on July 24, 2007, Alpha mailed Bradford another notice of cancellation because her July premium was past due. Alpha directed Bradford to postmark or deliver a payment by August 14, 2007, for coverage to continue. Bradford did not timely remit payment.

[¶6.]     On August 21, 2007, Alpha sent Bradford a notice of the amount due on her cancelled policy. She did not remit payment. At the end of August, however, Bradford went to Alpha's office, paid the past due premium, and reinstated her insurance coverage. On September 5, 2007, Alpha sent Bradford an invoice and notice of an option for renewal. The invoice and notice provided:

> If payment of at least $358.03 is postmarked on or before 09/22/07, coverage will continue without interruption. **If payment is not made, your policy will expire and coverage will cease at 12:01 a.m. on 09/23/07.**

Bradford did not make the required payment on or before September 22, 2007 and, according to Alpha, Bradford's policy expired almost twelve hours before the September 23 accident.

[¶7.]     On Monday, September 24, 2007, Bradford's mother, Carolyn Willoughby, contacted Alpha and asked if she could make Bradford's premium

payment. It is disputed whether this call was in fact made on September 24 and who from Alpha spoke to Willoughby. But it is undisputed that no payment was made because Willoughby was told that even with a payment the accident would not be covered.

[¶8.]     Alpha sought a declaratory judgment against Bradford and the guardians ad litem for the injured children (hereinafter Bradford) that it not be required to defend or indemnify Bradford for the accident. At a hearing on Alpha's motion for summary judgment, Bradford argued, among other things, that Willoughby's call to Alpha on September 24 should be considered Bradford's attempt to make a timely premium payment. Bradford further asserted that the insurance policy was ambiguous in that it did not clearly provide that Bradford's coverage existed for only one minute of September 23 and not the entire day.

[¶9.]     In a memorandum decision, the circuit court ruled for Alpha. It found that Bradford waived her argument that Willoughby's call to Alpha should be considered a timely attempt to tender payment. It further declared that the insurance contract unambiguously provided that coverage ended at 12:01 a.m. on September 23, 2007. Bradford appeals on the grounds that genuine issues of material fact remain on whether coverage expired, that the insurance contract is ambiguous, and that Bradford intended to timely renew her policy within the time allowed by South Dakota law.*

---

\*     "Under our familiar standard of review in summary judgment cases, we decide only whether genuine issues of material fact exist and whether the law was correctly applied." *Schulte v. Progressive N. Ins. Co.*, 2005 S.D. 75, ¶ 5, 699 N.W.2d 437, 438 (citing *Kobbeman v. Oleson*, 1998 S.D. 20, ¶ 4, 574

(continued . . .)

## Analysis and Decision

[¶10.]     Bradford argues that because the policy did not incorporate the policy expiration date listed in her application, the terms of her insurance policy are in dispute, and she reasonably expected that in return for her initial premium payment on March 23, 2007, she would receive coverage the entire day of September 23, 2007, the last day of the policy period. She turns to the doctrine of reasonable expectations, whereby courts honor an insured's reasonable expectations of insurance coverage despite the terms of the insurance contract. *See Alverson v. Nw. Nat'l Cas. Co.*, 1997 S.D. 9, ¶ 13, 559 N.W.2d 234, 236 (citing *Am. Family Mut. Ins. Co. v. Elliot*, 523 N.W.2d 100, 103 (S.D. 1994)). To date we have not adopted this doctrine. *Id.*

[¶11.]     Bradford contends, nonetheless, that coverage should be found here because the policy is ambiguous: the policy language does not explicitly state the time and date of expiration. When she applied for insurance, the application indicated that coverage would extend until 12:01 a.m. on September 23, 2007. Alpha then issued Bradford an insurance policy document providing that any covered losses must occur during the period shown on the "Declarations." The "Declarations" noted that Bradford's policy ended at 12:01 a.m. on September 23, 2007. No ambiguity appears in these provisions.

---

(. . . continued)
     N.W.2d 633, 635); *Bordeaux v. Shannon Cnty. Sch.*, 2005 S.D. 117, ¶ 11, 707 N.W.2d 123, 126.

[¶12.] Bradford maintains that her mother tried to remit a premium payment on September 24, 2007 to timely renew her insurance policy. Relying on SDCL 1-5-4, Bradford argues that because her policy was set to expire on *Sunday*, September 23, 2007, she had until the next business day to remit payment to renew her insurance policy.

[¶13.] SDCL 1-5-4 provides:

> Whenever any act of a secular nature, other than a work of necessity or mercy, is appointed by law or contract to be performed upon a particular day, which day falls upon a holiday, such act may be performed upon the next business day, with the same effect as if it had been performed upon the day appointed.

SDCL 1-5-4 applies when an "act" is to be performed on a holiday. *See Coble v. Hanson*, 2001 S.D. 8, ¶ 8, 620 N.W.2d 772, 774 (option to renew had to be exercised on a Sunday). Here, however, Bradford was required to act on or before September 22, 2007, which was a Saturday. On September 5, 2007, Alpha sent Bradford an invoice and offer to renew her policy. It informed her that "[t]o renew your policy, **please forward your payment of at least $358.03 by 09/22/2007**." The offer and invoice further provided, "If payment of at least $358.03 is postmarked on or before 09/22/2007, coverage will continue without interruption." However, "**[i]f payment is not made, your policy will expire and coverage will cease at 12:01 a.m. on 09/23/2007**."

[¶14.] That Bradford's policy was set to expire on a Sunday does not implicate SDCL 1-5-4. To continue her coverage, Bradford was not required to act on Sunday, September 23, but rather on Saturday, September 22. By failing to accept the offer from Alpha to renew her insurance policy, Bradford's coverage expired on

September 23, 2007 at 12:01 a.m., under the express and unambiguous terms of the insurance contract. It is immaterial that Willoughby called on September 24, 2007 to attempt to renew Bradford's insurance policy. Coverage expired when Bradford failed to pay at least $358.03 on or before September 22, 2007.

[¶15.] Affirmed.

[¶16.] GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and WILBUR, Justices, concur.