## JOHN B. STRYKER, administrator, *vs* PETER VANDERBILT.

1. The provisions of the act (*Nix. Dig.* 726,) prescribing what shall be recited in a deed made for land sold by order of the Orphans' Court are merely directory; they relate to the form of the deed, and do not affect the substance.

2. The authority to execute the deed and to convey the title depends not upon the recitals of the deed, but upon the order of the court authorizing the sale, and the confirmation of the sale by the court.

3. If the grantee objects to the deed because it is not in proper form, he should make his objection at the time the deed is tendered.

4. When the time for the performance of a contract falls on Sunday, a compliance on the following day will be a sufficient performance.

5. A promise to extend the time of performing a contract will not be binding, unless made upon some new consideration.

---

On motion for new trial.

John B. Stryker, administrator of Lawrence V. Stryker, deceased, sold certain real estate at public sale, by virtue of an order of the Orphans' Court of the county of Somerset.

The land was bid off by Peter Vanderbilt, and he signed a certificate under seal, by which he covenanted and agreed to pay the purchase money by a time therein named, and receive his deed, according to the conditions of sale. The sale was confirmed by the court, and a deed was made and tendered to the purchaser. By the conditions of sale, the deed was to be delivered on the first day of May, 1853; that day being Sunday, it was tendered the day following.

The purchaser did not pay the money, and not fulfilling his agreement, the property was again sold by order of court, and on the second sale it brought $279.32 less than on the first. To recover this sum and the costs of sale, and also to recover the interest on the purchase money agreed to be paid by Vanderbilt, from the time it was due to the time the purchase money on the second sale was paid, Stryker brought an action of covenant against Vanderbilt. The cause was tried at the Somerset Circuit, at December Term, 1856, and a verdict rendered for the defendant.

On the return of the *postea* to this court, the plaintiff moved to set aside the verdict and for a new trial.

The principal questions raised in the cause were—1st, whether the deed tendered by Stryker was sufficient, it not reciting the date of the order of sale; 2d, whether the time for delivering the deed and paying the purchase money was extended by agreement between the parties.

Argued at November Term, 1857, before the CHIEF JUSTICE, and Justices ELMER, POTTS, and HAINES.

*G. H. Brown*, for plaintiff, cited *Nix. Dig.* 726, §§ 17, 18, and 19; *Elmer's Dig.* 490; *Grover v. Hoppock*, 2 *Dutcher* 191; 2 *Parsons on Contracts* 193; *Rex v. Loxdale*, 1 *Burr.* 445; *Dwarris on Stat.* 715; *Elmer v. Burgin, Penn.* 136; *Morris Canal v. Vanvorst*, 1 *Zab.* 114; *Smith's Leading Cases* 170; *Ford v. Campfield*, 6 *Halst.* 327; *Cummings v. Arnold*, 3 *Metc.* 486.

*Hageman* and *Field*, for defendant, cited *Osborn* v. *Tunis*, 1 *Dutcher* 634; *Den* v. *Newark India Rubber Co.*, 4 *Zab.* 467; *Coxe* v. *Bennett*, 1 *Green* 171; 1 *Parsons on Contracts* 403; *Hallock* v. *Ins. Co.*, 2 *Dutcher* 268; *Roberts* v. *Marston*, 20 *Maine* 275; *Hubbard* v. *Cooledge*, 1 *Metc.* 84; *Chitty on Contracts* 19, note 1; *Grafton Bank* v. *Woodward*, 5 *N. Hamp.* 99; *Cummings* v. *Arnold*, 3 *Metc.* 486; *Hall* v. *Green*, 24 *Eng. L. and E. R.* 453.

The CHIEF JUSTICE. The first objection to the plaintiff's right of recovery is, that the deed tendered to the defendant was not a valid deed. The objection is, that the deed does not set forth the date of the order of the Orphans' Court, by virtue of which the sale was made, as required by the statute. *Nix. Dig.* 726, § 18.

By the act of 1799, it was required that the deed should set forth the order of the Orphans' Court at large. *Elmer's Dig.* 490, § 21. While this act remained in force, the legislature, by the act of 28th November, 1831, (*Elmer's Dig.* 493, § 35,) declared that the deed should be valid, notwithstanding any variance in the recital in the deed of the order of the Orphans' Court authorizing the sale. The act of 1837 (*Elmer's Dig.* 493, § 36,) rendered a recital of the order unnecessary, and simply required that the deed should set forth the fact ·that the sale was made by virtue of an order of the Orphans' Court, the term at which the order was made, and the date of the order. These provisions are retained in the existing law. *Nix. Dig.* 726, §§ 18, 19. The deed may recite the order of the Orphans' Court, the date of the order may be contained in such recital, and the recital, in that particular, may be erroneous. By the terms of the act, such recital would not invalidate the deed. And if the legislature have, in plain terms, declared that a mis-recital of the date should not render the deed invalid, the omission of the date ought not to be regarded as fatal.

The present statute requires that the deed should set

forth that the sale was made by virtue of an order of the Orphans' Court, and the date of the order as a substitute for the recital of the order at length, as required by the former statute. The requirement of the existing statute is no more imperative in its terms than the former.

The provisions of the act should be regarded as directory. They relate merely to the form in which the deed is to be prepared. They are not of the essence of the thing. The authority to execute the deed and to convey the title depends upon the order of the court authorizing the sale, and the confirmation of the sale by the court, not upon the recitals of the deed.

It may be conceded that the grantee is entitled, under the statute, to the benefit of the recital, as showing *prima facie* an authority in the executor to convey the title, and that he might have objected to receive the deed without such recital. But if such objection be valid, it should have been made at the time the deed was tendered. By the terms of the contract, the deed was to be delivered, and the purchase money paid, on the first of May, 1853, at the office of the plaintiff. The first of May falling on Sunday, compliance with the contract on Monday was a legal performance. The deed was then and there tendered by the plaintiff to the defendant, and no objection whatever was made to the draft of the deed. One of the witnesses testifies that the defendant, after examining the deed, said he was satisfied with it—that it was all right. The defendant's witness, who acted on the occasion as the agent of the defendant, says that the deed was in the defendant's hands; that he made no remarks about it; but the witness said it was no doubt right, as far as he could tell. The evidence clearly shows that no objection was made by the defendant to the form of the deed; on the contrary, it is apparent that the only difficulty was that the defendant himself was not prepared to comply with the contract on his part. The objection, as now presented, is not that there was any defect of title, or any inability on the part

of the plaintiff to execute the conveyance, as in *Conover* v. *Tindall, Spencer* 516, but simply that the deed was not in due form, an objection which might have been instantly obviated upon being suggested at the time of the tender.

By the English practice, it is the duty of the purchaser to prepare the conveyance, and to tender it to the vendor for execution. *Sugden on Ven. and Pur. (Am. ed.* 1836) 293, 299 ; *Chit. on Con. (ed.* 1855) 276.

And in the recent case of *Pool* v. *Hill,* 6 *Mees. & Wells.* 835, it was held that it was not necessary, in an action by the vendor for the non-payment of the purchase money according to the contract, to aver that the plaintiff offered or tendered a conveyance to the defendant. It was sufficient to allege that the plaintiff has always been ready and willing to execute a conveyance.

A contrary rule prevails here and in most of the American states. *Chit. on Con.* 276, *note* 2, 277, *note* 2 ; *Sugden on Ven. and P.* 293, *note* 158.

Still, conceding it to have been the duty of the vendor, at the time and place designated in the contract, to tender a deed, the purchase money being then payable, it became the duty of the defendant then and there to except to the form of the deed, if its terms were not satisfactory.

The case falls clearly within the principle of *Todd* v. *Hoggart,* 1 *Moody & Mal.* 128. It was there held that, in an action by the purchaser to recover the deposit made on the purchase of an estate, on the ground of a defect in the vendor's title, that no objection could be insisted on at the trial which was not stated as a reason for refusing to complete the contract, if it be of such a nature that it might, if then stated, have been removed. In *Hackett* v. *Huson,* 3 *Wend.* 249, the consideration stated in the deed tendered by the vendor was not satisfactory to the purchaser, and the plaintiff, on that ground, refused to receive the deed. The court said that if the purchaser did not consider that the vendor tendered a deed pursuant to the agreement, he should have prepared one that did conform to it, and presented it to them to be executed.

Stryker v. Vanderbilt.

The instruction given by the court to the jury, that the plaintiff tendered a good and sufficient deed, in pursuance of the terms of the contract, was correct.

The only remaining inquiry is, whether the time of payment was, by the agreement of the parties, extended from the 2d to the 20th of May. If this fact is not established by the evidence, then the verdict should have been for the plaintiff. The parties met on the second of May, at the time and place specified for the performance. The plaintiff was ready, and offered to perform the contract upon his part. He tendered the deed. The defendant was not ready to pay the purchase money, and obviously came to the place designated with no expectation or intention of fulfilling the contract upon his part. He failed to perform the contract. The plaintiff's right of action was complete. A promise to waive or give up that cause of action must be upon a new consideration. *Grover* v. *Hoppock*, 2 *Dutcher* 191.

But the evidence shows no such agreement in fact. There is no pretence that, prior to the time designated for the performance of the contract, the plaintiff had agreed to any postponement. The plaintiff attended at the time and place specified, ready to perform on his part, and requiring performance by the defendant. The defendant also attended, and attempted, through his agent, to effect a new agreement, by which he might obtain possession of the farm before he paid the purchase money. This agreement, it is clear, the plaintiff refused to make. Nor can any agreement between the parties be fairly deduced from the evidence, either to waive the performance of the contract at the time specified, or to extend it to a future day. The failure of the defendant to perform the contract at the time specified was not occasioned by any waiver or abandonment of the contract, or by any agreement on the part of the. plaintiff.

The verdict should be set aside, and a new trial granted.

---

Stryker v. Vanderbilt.

---

ELMER, J. The decision to which we ought to come in this case depends on two questions—

*First.* Was the deed tendered by the plaintiff a good and sufficient deed to pass the title to the land sold? It was objected that it does not set forth the date of the order granted by the Orphans' Court, authorizing said sale, as required by the 18th section of the act making lands liable to be sold for the payment of debts. *Nix. Dig.* 726. But the 19th section enacts that the deed shall be good and valid, notwithstanding an omission of the recital in the said deed of the order of the court; so that, taking the two sections together, the direction to insert the date of the order must be regarded as not essential, but as directory only.

*Second.* Was the allegation of the sixth plea, that the parties, on the day fixed for the delivery of the deed and payment of the money bid, mutually agreed to enlarge and extend the time of complying with said conditions of sale from that day until the 20th of the same month, and then and there mutually agreed to postpone the execution, and then and there did postpone the execution of said sale and purchase of the said farm until the 20th day of May, proved, so as to justify the verdict for the defendant? This was held to be a good plea when the case was before us upon demurrer, and must be so regarded now.

Giving full credence to the testimony of the defendant's witnesses, I am of opinion that the plea was not proved. The parties met at the proper time and place, and the plaintiff duly tendered a deed; and it is perfectly evident that he did no acts and made no declarations which prevented the defendant from complying with the covenant on his part. It is plain that the defendant did not mean to comply; he had not the money to pay, and made no effort to get it. They separated without any new agreement. Meeting again on the same day at Princeton, there was still no mutual agreement to fulfill the contract at any future day. If it be conceded that the jury might understand

and hold the plaintiff to mean, by the last words he is said to have spoken, viz., that he would give till the 20th to take the farm, that he was willing, on his part, to postpone the execution of the contract until that day, which, in view of all the facts and the testimony of plaintiff's witnesses, is conceding a great deal, it is plain that the defendant did not, on his part, make a new agreement to pay the money on that day or any other subsequent day. On the contrary, the plaintiff had every reason to infer, from what had passed, that he did not intend to take the property. The meaning of the plea is, that the original agreement was relinquished, by means of a new one substituted in its place. The new agreement, to have the effect of superseding the old one, must, of course, be one that bound both parties. What took place, to make the most of it, amounted to no more than the expression of a willingness to wait, if the defendant would agree to comply; but this offer was not accepted. To bind the plaintiff by an expression that he would wait, after he had done all on his part to fix the liability of the defendant, and after it was plain the defendant would not and could not comply on his part at that time, without any agreement on the part of the defendant binding him to comply afterwards, would be unjust to the plaintiff and to the estate he represented.

I am, moreover, of opinion that, to make a new agreement not under seal supersede the old covenant, and to entitle the defendant to a verdict on this plea, it was necessary for him to show a new agreement upon which a suit could be brought. It was a contract for the sale of lands, which is required by the statute of frauds to be in writing. The plea does not state how the agreement was made, and may have been defective on that ground. 1 *Saund.* 276 *a, note* 2. But this point was not made when the case was argued before, and was not decided. 1 *Dutcher* 496. The case of *Cuff* v. *Penn,* 1 *M. & S.* 21, was decided on the ground that the original contract continued, there be-

ing only the substitution of a different day. But that case has been overruled. *Goss* v. *Lord Nugent*, 5 *B. & Ad.* 58 ; *Marshall* v. *Lynn*, 6 *M. & W.* 109 ; *Emmet* v. *Dewhirt*, before *Lord Trouro in* 1851, 8 *E. L. & E. R.* 83.

In the case of *Langworthy* v. *Smith*, 2 *Wend.* 587, it was held that a parol enlargement of time set in a sealed instrument for the performance of covenants is good ; but the party must seek his remedy on the new agreement. And see *Cocking* v. *Ward*, 1 *C. B.* 858. In *Blood* v. *Goodrich*, 9 *Wend.* 68, it was held that the time of performance of a contract for the conveyance of land can only be enlarged by a contract in writing. These authorities, I think, clearly establish that if a new agreement is set up as superseding the original, it must be such an agreement as will entitle the party to his remedy thereon. If the plaintiff seeks to enforce the original agreement, of course he must show, as he did in this case, that he himself performed so much of the contract, at the proper time and place, as was necessary, on his part, to oblige the defendant to perform on his part. There must be a new trial.

Justices POTTS and HAINES concurred.