SARAH CONNELLY, complainant,

*v.*

ALONZO W. WARD, defendant.

[Decided December 21st, 1923.]

**Specific Performance—Contract for Performance Falling on Sunday Does Not Void Agreement—May be Consummated on Following Day.**

*Mr. Thomas M. Kane,* for the complainant.

*Mr. Harry Campton,* for the defendant.

CHURCH, V. C.

This is an action for specific performance of an agreement for sale of property. The agreement was in the usual form; the time fixed for the performance thereof was on October 1st, 1922. October 1st, it transpires, fell on a Sunday. Was the agreement of sale void for that reason? I do not think so. It seems to me that the only effect of this would be to continue the completion of the contract to the next legal day. My attention has also been called to the statute which holds that the performance of such a contract is limited to a period of three months after the date fixed for the completion of the contract, and that in this case this time had elapsed before the beginning of the suit.

In my opinion, it was not the intention of this statute to permit an agreement of this nature to be defeated because of the refusal of the prospective vendor to consummate it. The testimony in this case shows that Mr. Collins, representing the complainant, saw Mr. Ward, the prospective vendor, on the 1st of October and asked him if he was willing

to complete the contract.    Ward informed Mr. Collins that "You can go to hell."    Collins again went to see Ward on the 2d of October and Ward refused to do anything.    Collins went to the attorney for Ward several times and was informed that he could not find Ward.    He also wrote Mr. Ward two letters.    It seems to me that Mrs. Connelly, through her attorney, made every reasonable effort to consummate this contract.

It also appears that on March the 7th, 1923, a *lis pendens* was filed with the county register's office of Essex county in the case at bar.    The suit was started and subpœnas were returnable on March 15th; nevertheless, on the same day, Ward signed a contract with another purchaser.    Ward had been served with a subpœna and legally should have known of the *lis pendens*.    Moreover, the second contracts says that the deposit called for by it was to be returned if the contract did not go through, or Ward could not convey the property.    However, no deposit was paid by the new purchaser, but the money was held by the attorney for Ward.

Under these circumstances, I am of the opinion that the complainant made every proper effort to consummate the first agreement and that the first agreement is still binding upon the parties, and I will advise a decree for specific performance on the first contract.