# Alexander Unemployment Compensation Case. Steere's Dairy, Inc., Appellant, *v.* Unemployment Compensation Board of Review.

Argued November 13, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*Yolanda G. Barco,* with her *George J. Barco,* and *Barco and Barco,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY WRIGHT, J., December 17, 1959:

Aurelia Alexander was employed as a bookkeeper by Steere's Dairy, Inc., of Meadville, Pennsylvania.

Her last day of work was April 25, 1958, on which date she was discharged by her employer for alleged wilful misconduct connected with her work. See Section 402(e) of the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, 43 P.S. 802(e). The Board of Review held that claimant qualified for benefits, and the employer appealed.

We are here concerned with a motion to dismiss the appeal on the ground that it was not filed in time. Since this motion must be granted, it will not be necessary to consider the merits. The original decision of the board was filed on September 30, 1958. However, the employer made a timely request for rehearing and, on October 27, 1958, the board vacated its decision of September 30, 1958, and reopened the case. On August 13, 1959, the board filed a supplemental order reinstating and reaffirming its prior decision. The employer did not appeal to this court until September 23, 1959.

Section 509 of the Unemployment Compensation Law (43 P.S. 829) provides in pertinent part as follows: "Any decision made by the department or any referee or the board shall become final ten days after the date thereof . . . but any decision of the board . . . shall nevertheless be subject to appeal to the Superior Court after the same has become final". Section 510 of the statute (43 P.S. 830) further provides in pertinent part as follows: ". . . Every appeal to the Superior Court must be taken within thirty days after the decision of the referee or board becomes final".

The record discloses that the tenth day after August 13, 1959, was Sunday, August 23, 1959, which circumstance gives rise to the question involved in the instant case. Appellant contends that the board's decision did not become final until August 24, 1959, and that the thirty-day period for filing an appeal with this court did not expire until September 23, 1959. Ap-

pellee contends to the contrary that the decision of the board became final on August 23, 1959, and that the last day to take an appeal therefrom was September 22, 1959. It may thus be stated that the issue is whether Sunday, August 23, 1959, is to be included or excluded from the computation in determining the timeliness of the instant appeal.

Appellant relies on Section 38 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 P.S. 538, which reads as follows: "When any period of time is referred to in any law, such period in all cases . . . shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation". According to the Source Notes by Draftsmen, this section is a re-enactment of that portion of Section 1 of the Act of June 20, 1883, P. L. 136, 76 P.S. 172, which relates to statutes. The earlier act reads as follows (italics supplied) : "Where by any existing law or rule of court, or by any law or rule of court that may hereafter be enacted and made, *the performance or doing of any act, duty, matter, payment or thing shall be ordered and directed . . . and the period of time or duration for the performance or doing thereof shall be prescribed and fixed,* such time in all cases shall be so computed as to exclude the first and include the last days of any such prescribed or fixed period, or duration of time: Provided, That whenever the last day of any such period shall fall on Sunday, or on any day made a legal holiday by the laws of this Commonwealth, or of the United States, such day shall be omitted from the computation".[1]

---

[1] The two statutes quoted in this paragraph were amended by Acts Nos. 232 and 233 of 1959 so as to also include Saturday.

It is conceded that, if appellant was required to perform any act or duty on Sunday, August 23, 1959, it would have had until Monday, August 24, 1959, to do the same. However, the controlling fact is that there was no act or duty, the performance of which by appellant was required on August 23, 1959. Appellant lost no right or privilege by virtue of the circumstance that the board's decision became final on that date. Statutes requiring that the last day, if it falls on Sunday, is to be excluded in computing time are held to apply only where some act is to be done on the last day: 52 Am. Jur. 347, Section 21.

An analogous situation arises in connection with the expiration of insurance contracts. In *Flowers by DiAlton's v. American Insurance Co.*, 39 N. J. Super. 44, 120 A. 2d 501, affirmed 42 N. J. Super. 493, 127 A. 2d 175, an agent for a fire insurer issued an oral binder which by statute had a ten day time limitation. The tenth day fell on Sunday, and the fire occurred on the following Monday. In directing the entry of judgment for the insurer, the court said, inter alia: "There is no doubt that Sunday is a dies non when it is the last day for performance of an act before the bar of limitations becomes effective . . . In the instant case there is no act to be done which is barred by the lapse of a period of time". See also *Upton v. Travelers Insurance Co.*, 179 Cal. 727, 178 P. 851.

The only purpose in excluding the last day, if it falls on Sunday, is the realistic one of recognizing that business offices are not open on Sundays, and that acts or duties ordered and directed to be done cannot be performed on that day. Where no act or duty is to be performed on the last day, there is no logical reason to exclude it. Sections 509 and 510 of the Unemployment Compensation Law must be construed together. As a practical matter, the actual amount of time given for appeal from a decision of the board is

ten days plus thirty days or forty days. Viewed in this manner, Sunday, August 23, 1959, was simply an intervening Sunday which is not to be excluded from the total computation.

Appeal dismissed.