Alexander Unemployment Compensation Case. Steere's Dairy, Inc., Appellant, v. Unemployment Compensation Board of Review.

Appeal allowed April 4, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Yolanda G. Barco,* with her *George J. Barco* and *Barco and Barco,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MR. CHIEF JUSTICE JONES, April 4, 1960:

The Superior Court quashed the appeal in this case on the ground that it had been taken a day too late. The subject matter is an award of unemployment compensation made by the Board of Review to a discharged employee of the plaintiff company. We granted an allocatur not only to correct what we deem to be error in the Superior Court's ascertainment of the date from which the time for appeal is to be reckoned but, more especially, to obviate any misinterpretation as to the scope of a pertinent legislative enactment relative to the computation of time statutorily prescribed.

Section 509 of the Unemployment Compensation Law, Act of December 5, 1936, P. L. (1937) 2897, 43 PS §829, provides, in presently material part, that "Any decision made by the . . . board shall become *final* ten days after the date thereof . . . [and that] any decision of the board . . . shall nevertheless be subject to appeal to the Superior Court after the same has become *final.*" Section 510 of the Act requires that

"Every appeal to the Superior Court must be taken within thirty days after the decision of the . . . board becomes *final*." (Emphasis supplied).

The award appealed from in the present instance was entered by the Board on August 13, 1959, to become final ten days thereafter, as statutorily limited. August 23, 1959, was, however, a Sunday. The question here involved is whether the terminal day of the ten-day period, being Sunday, is to be included or excluded in determining the timeliness of the appeal from the award.

The Superior Court, relying on the provisions of the Act of June 20, 1883, P. L. 136, §1, 76 PS §172, concluded that, since "the performance or doing of any act . . . or thing . . ." was not "ordered and directed" to be done in order to make the award final, the terminal Sunday of the ten-day period was not to be excluded and that, therefore, the award became final on August 23, 1959. Consequently, as the Superior Court reasoned, the thirty-day period for an appeal expired on September 22, 1959, and the appeal, not having been taken until September 23, 1959, was automatically out of time by a day.

We think that the applicable statutory provision for determining the date of the award's finality is Section 38 of the Statutory Construction Act of May 28, 1937, P. L. 1019, Art. III, 46 PS §538, which provides that "When *any* period of time is referred to in *any* law, such period in *all* cases . . . shall be so computed as to exclude the first and include the last day of such period. *Whenever the last day of any such period shall fall on Sunday . . . such day shall be omitted from the computation.*" (Emphasis supplied). Language could hardly be plainer or more explicit. The effect of this specific provision is to blank out a terminal Sunday of a statutorily prescribed period of time as

completely as if the day did not in fact exist on the calendar.

Accordingly, the award in the instant case did not become final until the Monday succeeding the terminal Sunday of the ten-day period required for the maturing of the award's finality, to wit, August 24, 1959. Consequently, the appeal, having actually been taken on September 23, 1959, was within the prescribed thirty-day period and, therefore, timely.

We are not unmindful that the Source Notes of the draftsman of the Statutory Construction Act indicate that the above cited Section 38 of the Act ". . . is a re-enactment of such portion of Sec. 1, Act of 1883, June 20, P. L. 136, as relates to statutes." It was that, but it was much more than that in its wider scope of excludable Sundays from computation of statutorily prescribed periods of time. Under Section 1 of the Act of 1883, it is only a terminal Sunday of a period of time prescribed for the performance or doing of a particular act or thing that is excluded from the computation of the prescribed period whereas, under the purview of the changed phraseology in Section 38 of the Statutory Construction Act, all terminal Sundays of statutorily prescribed periods of time are omitted from the computation of the periods even though no performance or doing of any act or thing within the prescribed period is ordered or directed. In short, Section 38 provides for the omission of a terminal Sunday of a prescribed period of time which has no other purpose than the ripening of an order, decree or adjudication to finality through the mere lapse of the time prescribed.

The order of the Superior Court quashing the appeal is vacated and the record remanded to the Superior Court for disposition of the appeal on the merits.

So ordered.