Alexander Unemployment Compensation Case. Steere's Dairy, Inc., Appellant, *v.* Unemployment Compensation Board of Review.

Argued June 16, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*George J. Barco,* with him *Yolanda G. Barco* and *Barco and Barco,* for employer, appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., September 16, 1960:

When this unemployment compensation case was here before we dismissed the appeal because it was taken too late: *Alexander Unemployment Compensation Case,* 191 Pa. Superior Ct. 301, 156 A. 2d 573. The Supreme Court vacated this decision and remanded the record to us for disposition of the appeal on the merits: *Alexander Unemployment Compensation Case,* 398 Pa. 551, 159 A. 2d 689.

The bureau found the claimant eligible for compensation. The referee reversed the bureau and found that the claimant was disqualified from receiving benefits under the provisions of §402(e) of the Law, 43 PS §802(e), making a claimant ineligible for compensation if he is discharged for willful misconduct connected with his work. The board on appeal reversed the referee and found that the claimant was discharged by her employer "because she was an unsatisfactory worker, and furthermore, because she did not agree to have a group picture taken by the employer for advertising or publicity purposes."

It is, of course, true that if a person is incompetent to perform her duties and is discharged for this reason she is nevertheless entitled to benefits: *Ristis Unem-*

*ployment Compensation Case,* 178 Pa. Superior Ct. 400, 116 A. 2d 271. In such a case it is through no fault of the employee that she is not able to perform her duties. It is not that she does not really want to perform her duties but rather that she cannot, through no fault of her own. If she is discharged it is not because of any willful misconduct on her part. A reading of the entire record in the present case reveals an entirely different situation. Here the employee was entirely competent to perform her duties as bookkeeper. In fact, she had so done for more than five years. The efficiency expert who studied the plant so found. In this case the employee wanted to be laid off so that she could collect unemployment compensation and, in fact, expressly asked her employer to lay her off a number of times during her last year of employment. During that year she purposely did a number of things to irritate her employer and thus bring about her discharge. The employer, however, refused to discharge her until the final picture taking episode. The employer was engaged in the retail milk dispensing business in Meadville, Pennsylvania. The pictures of the employees were arranged by the employer for a newspaper advertisement to feature the local ownership and operation of the enterprise. In answer to the request to have her picture taken she stated that she "would rather not." Her employer indicated that her further employment was conditioned upon her complying with the request. Shortly before closing time on the same day she was asked if she had had her picture taken and she replied in the negative. She was then told she need not report to work the next morning. She forthwith went to the unemployment compensation office and filed an application for benefits.

Our reading of this entire record convinces us beyond any doubt that all of her acts were purposely done

to bring about her discharge. This constituted a course of willful misconduct and disentitles her to benefits.

The finding that the claimant was discharged because she was an unsatisfactory employee is not supported by the credible evidence in this case. The failure of the board to find that the claimant was discharged because of her willful misconduct connected with her work under §402(e) of the Act was in error.

Decision reversed and claim disallowed.

---

DISSENTING OPINION BY MONTGOMERY, J.:

I cannot conceive how one who has been hired as a bookkeeper may be charged with willful misconduct merely by asserting a personal right to privacy in refusing to have her picture taken for the purpose of advertising her employer's business. The right of privacy is an important one and when it is unwarrantedly invaded a right of action accrues. *Aquino v. Bulletin Company*, 190 Pa. Superior Ct. 528, 154 A. 2d 422. To accomplish an unwarranted invasion by threat or duress is equally reprehensible. In my opinion, that is what is being condoned in this case by the majority of the Court in disallowing compensation to the claimant.

The action of claimant in refusing to have her picture taken may have been unco-operative, and irritating to her employer but it was not such willful misconduct as to render her ineligible for unemployment compensation under the act.

The record amply supports the finding of the Board that there were no other acts constituting willful misconduct.

I respectfully but emphatically dissent.

WATKINS, J., joins in this dissenting opinion.