**Clapsaddle v. Sanders**

*Robert Geigley,* for plaintiff.
*Donald M. Swope,* for defendant.

MacPHAIL, P. J., August 29, 1969.—In this case, plaintiff seeks damages for personal injuries allegedly sustained as the result of defendant's negligence. The case was tried before a jury at the May term of court and a verdict was handed up in favor of plaintiff in the sum of $5,000 on May 29, 1969. On June 4, 1969, plaintiff filed a motion for a new trial. Thereupon, defendant filed a petition to strike the motion for new trial because it was not timely filed. Briefs were filed and argument was heard.

For the purpose of ruling on the matter now before us, this court will take judicial notice of the fact that the Adams County Court House was closed from 4 p.m. on Thursday, May 29th, until Monday, June 2nd, at 8 a.m.

Rule 182 of the local rules of civil procedure provides that a motion for a new trial shall be made within 4 days after the verdict. It is obvious that the last day for filing such a motion in this case was June 2, 1969. Plaintiff argues that since the court house was closed Friday, Saturday and Sunday, May 30th, 31st and June 1st the four days allowed did not *commence* until June 2nd. Plaintiff cites no authority for his position for the obvious reason that there is none. It is only when the *last* day of a time limitation falls on a holiday or a Sunday that a litigant receives a day of grace. See Act of June 20, 1883, P. L. 136, as amended, 76 PS §172. Unless the holiday or Sunday is the *last* day of the time limitation, it will not be ex-

cluded in the computation: Steere's Dairy v. Unemployment Compensation Board of Review, 191 Pa. Superior Ct. 301 (1959).

Clearly, plaintiff's motion for a new trial is not timely filed.

Plaintiff urges that even if the motion was not timely filed, the court should permit it to be filed nunc pro tunc because the mistake was not due to negligence or carelessness and has not resulted in any prejudice to defendant. While we have the discretionary power to permit a motion for new trial to be filed nunc pro tunc, we should not do so unless it is necessary to promote the ends of justice: 6A Standard Pa. Pract. §98. Local rules of court should not be taken lightly. They are necessary for the orderly conduct of business. Society constantly complains of backlogs and delays in litigation. The court's principal means to control the disposition of litigation in an expeditious manner is by the use of rules of court.

However, in the matter now before us, if we were to hold plaintiff to a strict compliance with our rule of court, he would lose his opportunity for a review of possible trial errors and the jury's verdict and would lose his right to appeal as well. The mistake of counsel was one of misinterpretation of the law, not one of negligence. Therefore, under the special circumstances of this case, we will permit the motion for new trial to be filed nunc pro tunc.

## ORDER OF COURT

And now, August 29, 1969, the petition to strike off the motion for new trial is refused. Plaintiff's motion for new trial will be ordered filed nunc pro tunc. It is further ordered that the testimony taken at the trial be transcribed. Plaintiff's counsel shall have 10 days from the date the testimony is lodged to file additional reasons why the motion should be granted.